

# NUMBER 13-14-00051-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

Blanca Petty,                                                **Appellant,**

**v.**

John K. Petty,                                                 **Appellee.**

### On appeal from the 329th District Court
### of Wharton County, Texas.

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Order Per Curiam

Appellant, Blanca Petty, filed an affidavit of indigence in the trial court. A contest to the affidavit was filed, and the trial court conducted a hearing on the contest to appellant's indigence affidavit. At the conclusion of the hearing, the trial court sustained the contest and denied appellant's request for indigence status.

Generally, a party may proceed on appeal without advance payment of costs if (1)

she files an affidavit of indigence in compliance with rule 20.1 of the Texas Rules of Appellate Procedure, (2) her claim of indigence is not contested or any contest is not sustained, and (3) a timely notice of appeal is filed. *See* TEX. R. APP. P. 20.1(a). The affidavit of indigence must identify the party filing it and state the amount of costs, if any, the party can pay. TEX. R. APP. P. 20.1(a)(2). The affidavit must also contain the information mandated by rule 20.1(b), which requires the party claiming indigence to provide detailed financial information. TEX. R. APP. P. 20.1(b). The trial court clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit. TEX. R. APP. P. 20.1(e). If a contest is filed, the party who filed the affidavit must prove the allegations contained in the affidavit. TEX. R. APP. P. 20.1(g).

Texas Rule of Appellate Procedure 20.1(j) provides that if the trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing, within ten days of the order sustaining the contest, a motion with the appellate court challenging the order without advance payment. *See* TEX. R. APP. P. 20.1(j). Here, the trial court sustained the contests to appellant's indigence on February 4, 2014. Appellant did not file her motion with this Court seeking review of the indigence issue until February 17, 2014, more than ten days after the trial court's order.

The Court, having fully examined and considered the appellate record regarding the indigence matter, is of the opinion that appellant's motion to review the trial court's indigence determination is untimely. *See id.* Accordingly, appellant's motion is DENIED. Appellant must pay the costs of appeal.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the 11th
day of March, 2014.

2